**UNPUBLISHED**

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

CHRIS V. SMALLS

v.      Record No. 0100-15-1

MARYELLEN C. SMALLS

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 9, 2016

FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
David F. Pugh, Judge

(Chris V. Smalls, *pro se*, on brief).

No brief for appellee.


Chris V. Smalls (father) appeals an order finding him in contempt for failure to pay child

support with arrearages.  Father argues that the trial court erred in (1) incarcerating him for his

failure to pay child support; (2) including his Supplemental Security Income (SSI) benefit in the

computation of the guideline worksheet; (3) failing to provide written findings required under Code

§ 20-108.1; (4) failing to consider the total income of Maryellen C. Smalls (mother) when

calculating child support; (5) failing to exempt his SSI benefit when determining child support;

(6) failing to comply with the guidelines for imputing income; (7) failing to provide written reasons

for deviating from the guidelines; (8) failing to appoint a vocational expert to determine his ability

to work; (9) refusing to acknowledge that he had been declared vocationally incapable of working

under the Social Security Act; (10) refusing to review his documentation of the fair value of certain

items; (11) failing to make a fair distribution of mother's retirement plan; (12) failing to distribute

property pursuant to Code § 20.107.3; (13) failing to protect his rights under the Fourteenth

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Amendment; (14) failing to provide evidence that he was not disabled and willfully not paying child support; (15) failing to correctly calculate the amount of child support arrearages; (16) dissolving the *pendent lite* order prior to entering the final order; (17) refusing to permit his witness to speak at the contempt proceeding; (18) failing to provide him with a complete and accurate copy of Form DC 637 reflecting his child support payments; and (19) threatening him with incarceration if he did not pay child support.[1]  Upon reviewing the record and opening brief, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

On November 4, 2015, this Court informed father that his opening brief failed to comply with Rules 5A:4(b), 5A:4(d), 5A:20(c), 5A:20(d), and 5A:20(h).  Father was also informed that the amended opening brief must not vary from the original pleading except as may be necessary to correct the deficiencies and that the failure to comply with the Rules may result in summary affirmance.  On November 9, 2015, father filed an amended opening brief, but it was substantially different from his original opening brief.  The amended opening brief also failed to comply with Rules 5A:4(b), 5A:20(c), and 5A:20(d).

Rule 5A:20(c) mandates that an opening brief contain "[a] statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court."  Rule 5A:20(d) mandates that the opening brief contain "[a] clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix."

We find father's failure to comply with Rule 5A:20 is significant, so we will not consider his arguments.  See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008) ("the

---

[1] Father failed to include the number 17 in his assignments of error, and we have renumbered his subsequent assignments of error for consistency.

- 2 -

Court of Appeals should . . . consider whether any failure to strictly adhere to the requirements of [the Rules of Court] is insignificant . . ."); cf. Rules 5A:1(a) (authorizing dismissal of appeal or "such other penalty" deemed appropriate); 5A:26 (authorizing additional dismissal remedy in appropriate cases).

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987) (quoting Church v. Commonwealth, 230 Va. 208, 213, 335 S.E.2d 823, 826 (1985)).

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.[2]

Affirmed.

---

[2] Father also filed a motion for immediate review of appeal, a motion to disqualify/recuse Judge Pugh, and a motion objecting to a document filed by mother. We deny the motions.